# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SUSAN SKIPP, et al.,
    *Plaintiffs*,

v.

MAUREEN MURPHY, et al.
    *Defendants*.

No. 3:17-cv-1974 (VAB)

## RULING ON MOTION FOR RECONSIDERATION AND MOTION FOR CLARIFICATION

On November 1, 2017, Susan Skipp, *pro se*, filed this lawsuit. Compl., ECF No. 2. The Complaint asserted various claims against judges, attorneys, state agencies, and government employees in Connecticut and Texas. *Id*.

On September 28, 2018, the Court adopted in part Judge William Garfinkel's Report and Recommendation, dismissed the case under 28 U.S.C. § 1915(e)(2)(B), and enjoined Ms. Skipp from filing similar actions in the District of Connecticut. Order Dismissing Case and Enjoining Pl. from Filing Similar Cases in D. Conn. ("Order"), ECF No. 39.

On October 17, 2018, Ms. Skipp moved to set aside that Order, Pl. Mot. to Reconsider and Set Aside J. ("Pl. Mot."), ECF No. 40.

On April 3, 2019, Ms. Skipp also moved for clarification on whether Defendants were served. Pl. Mot. for Clarification, ECF No. 46.

For the reasons below, the Court **DENIES** the motion to reconsider, ECF No. 40, and **DENIES** the motion for clarification, ECF No. 46, as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[1]

Ms. Skipp claims that Defendants, including more than a dozen judges, numerous attorneys, state agencies, and government employees, deprived her and her children of meaningful access to the family courts of two states and a life together. Compl. ¶¶ 6, *et seq.*; Pl. Mot. ¶ 21 ("The Connecticut Family Court has no jurisdiction post judgment of a dissolution. Once a dissolution of marriage happens, two new families are created and the state has no place to involve itself in the family, except in cases of abuse and neglect . . . "); *id*. at ¶ 21 ("That order in CT Family Court . . . violated the United States Constitution as well as the Connecticut Constitution "Courts shall be open to all without sale or delay.").

Ms. Skipp alleges that Defendants discriminated against her actual or perceived disabilities in violation of the Americans with Disabilities Act. Compl. ¶ 22, *et seq.* ("Because Defendants regarded Ms. Skipp as having, 'alienation' and unknown mental health issues, the court was biased against her . . . . As a result, Plaintiffs could not fully and equally participate in court proceedings."); Pl. Mot. ¶¶ 15, 34, *et seq*.

Ms. Skipp further claims that her interactions with Defendants caused her to suffer post-traumatic stress disorder. Compl. ¶ 1 ("[T]he State of Connecticut et al . . . . gave the plaintiff mother a disability she did not have prior to Defendants['] unlawful and illegal acts."); *id*. ¶ 180 ("Because the Defendants exploited Plaintiffs' disabilities, [they] rendered Ms. Skipp with PTSD so severe that she does not trust them, has lost faith in the legal system. . . .").

---

[1] The Court presumes Ms. Skipp's familiarity with the facts as set forth in its prior rulings and incorporates those facts by reference. The Court states only the facts necessary to an understanding of the decision rendered on these motions.

### B. Procedural Background

On November 1, 2017, Susan Skipp, *pro se*, filed this lawsuit in the United States District Court for the Southern District of New York. Compl. Ms. Skipp simultaneously moved to proceed *in forma pauperis*. Request to Proceed *in forma pauperis*, ECF No. 1.

On November 14, 2017, the case was transferred to the District of Connecticut. Transfer Order, ECF No. 5. On December 6, 2017, the case was reassigned to this Court. Order of Transfer, ECF No. 15. The Court then referred the *in forma pauperis* motion to Magistrate Judge Garfinkel. Order Referring Case, ECF No. 16.

On June 7, 2018, Magistrate Judge Garfinkel granted Ms. Skipp's request to proceed *in forma pauperis*, Order, ECF No. 17, but also recommended that the case be dismissed under 28 U.S.C. §1915(e)(2)(B), Recommended Ruling, ECF No. 18.

On June 25, 2018, the Court ordered Ms. Skipp to explain why a leave-to-file injunction should not be imposed given her filing of "five actions . . . in federal court challenging her underlying state custody and divorce proceedings." Order to Show Cause, ECF No. 19.

One month later, Ms. Skipp objected to Judge Garfinkel's Recommended Ruling and responded to the Order to Show Cause. Obj. to Recommended Ruling, ECF No. 20; Resp. to Order to Show Cause, ECF No. 21.

On September 19, 2018, the Court convened a hearing on all pending issues. Min. Entry, ECF No. 29.

On September 28, 2018, the Court adopted in part Judge William Garfinkel's Report and Recommendation, dismissed the case, and enjoined Ms. Skipp from filing similar actions in the District of Connecticut. Order Dismissing Case and Enjoining Pl. from Filing Similar Cases in D. Conn.

On October 17, 2018, Ms. Skipp moved to set aside that Order. Pl. Mot. Three months later, she filed additional evidence in support of her motion, including a copy of *Sung Cho v. City of New York*, 910 F.3d 639, 641 (2d Cir. 2018), Pl. Mot for Leave to File Supp. Authority, ECF No. 41, at 6–13; a Center for Disease control web site entry on child abuse, *id*. at 25–27; an anonymous white paper entitled "How Funding for Fatherhood Programs Harmed Children," *id*. at 29–38; and an article entitled "Family Court Corruption . . . Federally funded misogyny and pedophile protection" by Cindy Ross, *id*. at 39–44.

## III. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## III. DISCUSSION

As discussed below, Ms. Skipp now raises several issues. None of them, however, warrants reconsideration of the Court's ruling.

Ms. Skipp cites *Sung Cho v. City of New York* as new controlling authority. *Sung Cho v.*

*City of New York*, 910 F.3d 639, 641 (2d Cir. 2018). The Second Circuit ruled on *Sung Cho* roughly ten weeks after the Court's dismissal of Ms. Skipp's case. *Id*. In *Sung Cho*, the plaintiffs alleged that they were coerced into settlement by government agents prior to any judicial action. *Id*. at 649. The district court dismissed their claims as barred by the *Rooker-Feldman* doctrine. *Id*. at 641. The Second Circuit determined that the *Rooker-Feldman* doctrine did not bar the plaintiffs' claims because the alleged injury was not caused by a state-court judgment. *Id*. at 649. ("Plaintiffs are attempting to remedy an alleged injury caused when, prior to any judicial action, they were coerced to settle, not an injury that flows from a state-court judgment."). Accordingly, the Second Circuit vacated the judgment of the district court. *Id*.

Ms. Skipp does not allege that a city agent coerced her into a pre-judicial settlement agreement. *See*, *e.g.*, Compl. at ¶ 21 ("That order in CT Family Court . . . violated the United States Constitution as well as the Connecticut Constitution "Courts shall be open to all without sale or delay.") *cf*. *Sung Cho*, 910 F.3d at 643 ("Sung Cho, a laundromat owner, claims that the NYPD conducted sting operations on his premises in which it used his laundromat to sell purportedly stolen electronics on two separate occasions. Cho claims that several months after these sting operations, he received a notice evicting him from his business and imposing $1,000 per day in civil fines. A hearing was scheduled, but Cho settled with the City the day before, understanding that even if he was able to prove that neither he nor his employees had any involvement with the alleged criminal conduct, his innocence would not provide a defense against the injunction."). *Sung Cho* therefore is inapplicable to Ms. Skipp's case.

Additionally, the Court dismissed the majority of Ms. Skipp's allegations as insufficient to state a claim under the Americans with Disabilities Act, *see* Order 4–8; those claims were not barred by the *Rooker-Feldman* doctrine. As a result, *Sung Cho* provides no controlling authority

5

that would "reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

Similarly, Ms. Skipp's alleged additional evidence—including a Center for Disease control web site entry, an anonymous white paper, and an article—sheds no light on her claims. *See*, *e.g.*, Compl. at ¶ 9 (alleging that Ms. Skipp and her children have or were regarded as having mental health disabilities that were not accommodated by the courts). Even if taken as true, none of the evidence submitted by Ms. Skipp relates to her diagnoses, her requests for reasonable accommodations from the courts, or any other "controlling . . . data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

Because Ms. Skipp has not shown an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255, the Court must deny her motion for reconsideration. *Shrader,* 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").[2]

## IV. CONCLUSION

For the reasons above, the Court **DENIES** the motion to reconsider, ECF No. 40, and

---

[2] Ms. Skipp's recent inquiry into service of process on the Defendants does not alter this result. *See* Pl. Mot. for Clarification, ECF No. 46. Under 28 U.S.C. § 1915(e)(2)(B)(i), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." "[I]t is proper . . . and even recommended that a decision to dismiss under § 1915 . . . be made prior to issuance of process in order to spare the defendant the expense and inconvenience of answering a frivolous complaint, [however] our Court has often admonished that extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted). After careful consideration, the Court determined that "Ms. Skipp's ADA claims [were] 'frivolous or malicious' under 28 U.S.C. § 1915(e)(2)(b)," Order at 7, and that Defendants and the public were entitled to protection from Ms. Skipp's vexatious litigation, *id.* at 11–12. As a result, the Court exercised its authority to dismiss Ms. Skipp's case before ordering service of process on Defendants. *Anderson*, 700 F.2d at 41 ("[I]t is proper . . . and even recommended that a decision to dismiss under § 1915 . . . be made prior to issuance of process in order to spare the defendant the expense and inconvenience of answering a frivolous complaint[.]").

**DENIES** the motion for clarification, ECF No. 46, as moot.

      **SO ORDERED** at Bridgeport, Connecticut, this 18th day of July, 2019.

                                                  /s/ Victor A. Bolden
                                                VICTOR A. BOLDEN
                                                UNITED STATES DISTRICT JUDGE